Frank G. DICKEY, Jr., Guardian Ad Litem For Elenore Eames Boxley, Appellant,

v.

Glynda Poole BOXLEY et al., Appellees.

Court of Appeals of Kentucky.

May 26, 1972.

---

1. By House Bill 346 of the 1972 Legislature KRS 64.258 was amended, substituting the words "excess funds" for "excess fees."

Frank G. Dickey, Jr., Landrum & Patterson, Lexington, for appellant.

Thomas H. Burnett, Lexington, for appellees.

OSBORNE, Judge.

In the Fayette Circuit Court a judgment of adoption was entered, effecting the adoption of a one-year-old girl by the appellees Julian Wendell Boxley and his wife Glynda Poole Boxley. Feeling some doubt as to his right to grant adoption under the findings of fact he had made, the trial judge appointed a special guardian ad litem for the child for the purpose of taking an appeal. Pursuant to that appointment the special guardian ad litem has taken this appeal. The Boxleys and the Kentucky Department of Child Welfare are the appellees.

In his findings of fact the trial judge made the following statement:

"Because of his age, obesity, conviction of embezzlement, and potentially disastrous financial condition, the Court cannot make a finding that Mr. Boxley is a person of good moral character having the ability to maintain and educate the infant child properly."

Nevertheless, having found that *Mrs.* Boxley was in all respects fully qualified and giving considerable weight to the fact that the child had been with the Boxleys (under a placement for adoption by the Department of Child Welfare) since she was nine days old, and placing predominance on the consideration of the "best interest" of the child, the judge concluded that the adoption by both of the Boxleys should be directed. The doubt expressed by the judge as to the correctness of his action grew out of the provision of KRS 199.520 that appears to make it a prerequisite for granting a judgment of adoption that the trial court find, among other things, that "the petitioners are of good moral character, . . and of ability to properly maintain and educate the child . . . . "

The question presented is one of statutory construction.

The trial judge appeared to be of the opinion, and the appellees herein argue, that the "best interest" of the child is the overriding consideration, and that an adoption may be granted if the court finds that to do so will promote the best interest of the child, without a finding of the existence of the statutorily enumerated qualifications of good moral character, reputable standing in the community, and ability to

properly maintain and educate the child. We agree with that view.

The statute, KRS 199.520(1) provides:

"After hearing the case the court shall enter a judgment of adoption, if it finds that the facts stated in the petition were established; that all legal requirements, including jurisdiction, relating to the adoption have been complied with; that the petitioners are of good moral character, of reputable standing in the community and of ability to properly maintain and educate the child, and that the best interest of the child will be promoted by the adoption and that the child is suitable for adoption."

■■ It will be noted that a strict construction of the statute would mandatorily require the court to allow the adoption if the facts required by the statute exist. It does not prohibit the court from allowing the adoption if one or more of the facts do not exist as long as the court is of the opinion that the welfare of the child will be served by the adoption. KRS 199.510 provides for an investigation and report to the court by the Department of Child Welfare. We have previously held that these findings must be accepted by the court unless they are arbitrary or unreasonable. Commonwealth, Dept. of Child Welfare v. Jarboe, Ky., 464 S.W.2d 287; McKinney v. Quertermous, 306 Ky. 169, 206 S.W.2d 743. However, KRS 199.515 provides that the court can upon motion of the parties or upon its own motion conduct an independent hearing, bring in its own witnesses and take testimony. When this is done the court is then free to make such findings as are warranted by the evidence before it. And, when from this testimony the court finds that the adoption is for the best interest of the child, it may allow the petition. Naturally, if the findings are to the contrary, the petition would be denied. If all facts required under KRS 199.520 are found in the affirmative, then the court must enter a judgment of adoption. The fact that the trial court in this case found one of the elements enumerated in that statute in the negative does not prevent the court from allowing adoption.

Judgment affirmed.

EDWARD P. HILL, Jr., MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.

STEINFELD, C. J., dissents.

STEINFELD, Chief Justice (dissenting).

KRS 199.520 provides that "After hearing the case the court shall enter a judgment of adoption, if it finds * * * that the petitioners are of good moral character * * * of ability to properly maintain and educate the child * * *." The chancellor stated he could not make that finding as to Mr. Boxley. The majority opinion ignores the statutory mandate which is a prerequisite to the entry of the Judgment of Adoption. I respectfully dissent.